UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>        Defendants. | No. 2:19-cv-01469-CKD-P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    In Forma Pauperis Application**

Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

////

1

A review of records from this court reveals that, while incarcerated, and before this action was filed, plaintiff was found to be a three strikes litigant under 28 U.S.C. § 1915(g) after having filed one civil action and two appeals that were frivolous. See Wilkins v. Gonzalez, No. 2:16-CV-0347-KJM-KJN (E.D. Cal.); Brown (aka Wilkins) v. Galvin, No. 2:16-CV-2629-JAM-DB (E.D. Cal.). The court takes judicial notice of these prior determinations, and likewise concludes that plaintiff has three or more "strikes." See Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967).

In order to be allowed to proceed in forma pauperis in the present lawsuit, plaintiff must plausibly allege that he was in imminent danger of serious physical injury at the time that he filed his complaint. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 1:16-CV-01421-LJO-GSA-PC, 2016 WL 5815905 at *1 (E.D. Cal. Oct. 4, 2016). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)...."). Furthermore, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In his complaint, plaintiff alleges that he is under imminent danger of serious physical injury due to the removal of his single cell status on June 27, 2019 without any consideration of his serious mental health issues.[1] See ECF No. 1 at 10. Plaintiff suffers from severe mental health conditions including schizophrenia, schizoaffective disorder, depression, mood disorder, and PTSD. ECF No. 1 at 6. He asserts that when he is double celled he is subject to "mental

---

[1] To the extent that plaintiff alleges that CDCR's screening procedures for double celling are inadequate to protect his safety, the court construes these allegations as being raised for the purpose of demonstrating imminent danger rather than stand alone causes of action challenging a policy, practice, or custom. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

2

breakdowns[,] physical altercations, confrontations and even death...." ECF No. 1 at 9. In 2015, plaintiff reports almost dying from a suicide attempt, although it is not clear if this occurred while plaintiff was double celled. Id. Plaintiff indicates that he was cleared for double cell status by Warden Eldridge at a classification hearing on August 8, 2019. ECF No. 9 at 3. To prepare for double celling, plaintiff informed the court that he stopped taking his psychotropic medication in order to stay "awake and alert at all times...." ECF No. 8 at 3.

Liberally construing the complaint, the court finds that plaintiff's allegations of imminent danger are sufficiently detailed and based on a real and proximate threat due to the length of time in which plaintiff was on single cell status as well as the fact that plaintiff has stopped taking his medication. See also Andrews, 493 F.3d at 1055 (9th Cir. 2007). The court further finds that there is a sufficient nexus between the imminent danger allegations and the specific causes of action alleged in the complaint. See Pettus v. Morgenthau, 554 F.3d 293 (2d Cir. 2009); Stine v. Federal Bureau of Prisons, 2015 WL 5255377 (E.D. Cal. 2015) (approving of the requirement that a nexus exist between the imminent danger exception to 28 U.S.C. § 1915(g) and at least one cause of action alleged in the prisoner's complaint). For all these reasons, the court will grant plaintiff's requests to proceed in forma pauperis in the present case even though he is a three-strikes litigant. See ECF Nos. 2, 5, 6.

However, plaintiff will be required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

3

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.     Allegations in the Complaint**

Based on his mental health conditions, plaintiff has been classified as an E.O.P. inmate at the California Health Care Facility ("CHCF") in Stockton.[2] Plaintiff was issued a chrono to be single celled since November 14, 2016 based at least in part on his mental health conditions. ECF No. 1 at 7, 22. Plaintiff's chrono for single cell housing was reviewed and renewed every 6 months between November 2016 and March 2019. Id. at 7. Plaintiff was transferred to CHCF on

---

[2] E.O.P. is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. See Cal Code Regs., tit. 15, § 3040.1(d); Coleman v. Brown, 28 F.Supp.3d 1068, 1075 (E.D. Cal. 2014).

4

| | |
|---|---|
| 1 | November 28, 2018.  Id.  On June 27, 2019 plaintiff's single cell recommendation was removed |
| 2 | by Dr. Smith who was part of plaintiff's Intra-Disciplinary Treatment Team (IDTT).  ECF No. 1 |
| 3 | at 8.  Dr. Smith told plaintiff that she was instructed to remove his single cell status by |
| 4 | Correctional Counselor Miller because plaintiff had filed a lawsuit about single cell status.  ECF |
| 5 | No. 1 at 10.  According to plaintiff, E.O.P Supervisor, L. Shadrick, instructed Dr. Smith to move |
| 6 | plaintiff to the general population, or C.C.C.M.S. level of care.  ECF No. 1 at 9. |
| 7 | In addition to the previously identified individuals, plaintiff also names CDCR Director |
| 8 | Connie Gipson, CDCR Secretary Ralph Diaz, and CHCF Warden Laura Eldridge as defendants in |
| 9 | this civil action.  As causes of action, plaintiff first alleges that his single cell chrono was |
| 10 | removed in retaliation for seeking a redress of his grievances in violation of the First Amendment. |
| 11 | ECF No. 1 at 10.  He also alleges that defendants removed his single cell status in deliberate |
| 12 | indifference to his Eighth Amendment rights to safety and mental health care.  ECF No. 1 at 4-7. |
| 13 | By way of relief, plaintiff seeks a preliminary injunction preventing his double celling, |
| 14 | declaratory relief, as well as monetary damages.  ECF No. 1 at 11. |

**IV.     Analysis**

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable First Amendment retaliation and Eighth Amendment deliberate indifference claims against defendants Smith and Miller.  For the reasons set forth in further detail below, the court finds that the complaint does not state any cognizable claim for relief against defendants Gipson, Diaz, Eldridge, and Shadrick.

In order to state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152

F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). The court cannot determine from the complaint what role, if any, defendants Gipson, Diaz, Eldridge, and Shadrick played in the alleged deprivation of plaintiff's rights. While plaintiff alleges that defendant Shadrick instructed another defendant to send him to general population where he would only receive C.C.C.M.S. level of mental health care, there is no further information indicating that plaintiff was actually removed from the E.O.P level of care. Thus, there was no harm connected with defendant Shadrick's asserted deliberate indifference to plaintiff's mental health needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). For all of these reasons, plaintiff's complaint does not state valid causes of action against defendants Gipson, Diaz, Eldridge, and Shadrick. The court will, however, grant plaintiff leave to amend these allegations.

**V.     Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI. Motion for a Preliminary Injunction

In addition to his complaint, plaintiff filed a motion for a preliminary injunction. ECF No. 7. He requests that the court "stop [him] from being double celled until CDCR develops an adequate double cell screening practice and training…" program and that a single cell screening be performed by a new mental health team. ECF No. 7 at 10. Plaintiff also seeks broader relief beyond his particular case in the form of adequate training and monitoring of prisoners' cell safety and a blanket prohibition on the double celling of any E.O.P. inmate who does not give their consent. Id.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S.

7, 20 (2008).

The undersigned recommends denying plaintiff's motion for a preliminary injunction without prejudice. First and foremost, the motion is premature. No defendants have been served at this time and thus they have not been provided an opportunity to respond to plaintiff's allegations. See Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Although plaintiff has made allegations that his mental health is likely to deteriorate if he is double celled, he has not provided any evidence that supports these claims apart from his own conclusory statements. See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) (stating that [t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."). Furthermore, demonstrating a likelihood of success on the merits is not the same thing as stating a valid cause of action at the screening stage, which is the procedural posture of this case. The court questions whether either of the two defendants who are not being dismissed from the complaint have the authority to order plaintiff to be single celled. As the court reads the complaint, the individual defendants in this case were members of plaintiff's IDTT who make a recommendation concerning plaintiff's housing needs. Plaintiff presents no information about whether such a recommendation is binding on CDCR custody staff. Additionally, to the extent that plaintiff seeks injunctive relief beyond his particular case and controversy, such relief is unavailable. See 18 U.S.C. § 3626(a)(2). For all these reasons, the undersigned recommends denying plaintiff's motion for a preliminary injunction without prejudice.

**VII.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Even though you are a three strikes litigant, the court is granting you permission to proceed in forma pauperis based on your allegations of imminent danger.

////

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You may choose to file an amended complaint to try to fix these problems. You must decide if you want to (1) proceed immediately on your First and Eighth Amendment claims against defendants Smith and Miller or (2) try to amend the complaint to fix the problems identified by the court in this order as to the remaining defendants and claims.

Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and returning it to the court. Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).

The undersigned magistrate judge is recommending that your motion for a preliminary injunction be denied without prejudice. If you disagree with this recommendation, you have 14 days to file a written explanation of why that is not the correct decision. You should label your explanation as "Objections to Magistrate Judge's Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 6) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the First and Eighth Amendment claims identified in this order against defendants Smith and Miller, or plaintiff may choose to amend the complaint.

4. If plaintiff chooses to proceed on the First and Eighth Amendment claims against defendants Smith and Miller, the court will recommend dismissing defendants Gipson, Diaz, Eldridge, and Shadrick.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

6. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 7) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 22, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wilk1469.11.option.TRO.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, aka NERRAH BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>Defendants. | No. 2:19-cv-01469-CKD-P<br><br>NOTICE OF ELECTION |

**Choose ONLY ONE OPTION listed below by placing an "X" in front of the number. Do NOT make any additions or changes to this form. Return ONLY THIS FORM with no attachments.**

\_\_\_\_\_ 1).  Proceed immediately on the current complaint as screened by the court.

       **OR**

\_\_\_\_\_ 2).  Delay the case by changing the complaint in any way.

DATED:

                                            _____
                                            Plaintiff

1