UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | No. 2:19-cv-01469-JAM-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CONNIE GIPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendants' partial motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 54. Defendants' motion is limited to the claims against defendants Gipson and Diaz.[1] ECF No. 54. The motion has been fully briefed by the parties. ECF Nos. 55-58. For the reasons explained herein, the court recommends granting defendants' motion in part and denying it, in part.

**I.     Factual and Procedural History**

Plaintiff is a mentally ill state prisoner who has historically obtained recommendations to be single celled. The instant lawsuit was initiated once his single cell status was removed. In his

---

[1] As a result, the court limits its discussion to only these two defendants.

1

second amended complaint, plaintiff alleges that defendant Gipson, the Director of Adult Institutions at CDCR, and defendant Diaz, the Secretary of the CDCR, failed to implement and properly train staff on adequate screening procedures for double celling inmates in deliberate indifference to their right to safety. ECF No. 22 at 3. More specifically, in claim three, plaintiff alleges that these defendants permitted the statewide practice of double celling mentally ill inmates together resulting in an excessive risk to their health and safety. Plaintiff attached a Memorandum from the Secretary of the CDCR dated January 19, 2016 describing the procedure for obtaining single cell status in order to maintain "the safety and security of all involved." ECF No. 22 at 25. Plaintiff alleges in his complaint that defendants Gipson and Diaz failed to implement or train subordinates on this policy.

On December 17, 2020, the court screened plaintiff's second amended complaint and determined that service was appropriate on the "Monell[2] claims for failing to implement and train staff on screening procedures for double-celling inmates, especially those with mental disorders, against defendants Gipson and Diaz in claims two and three of the second amended complaint." ECF No. 23 at 1.

## II.     Motion for Judgment on the Pleadings

Defendants Gipson and Diaz filed their motion for judgment on the pleadings on December 14, 2021 seeking judgment in their favor on the claims against them for four separate reasons. ECF No. 54. First, these defendants assert that Monell liability cannot be premised on individual liability for non-municipal defendants such as Gipson and Diaz who are employees of a state agency. ECF No. 54 at 10. Second, even construing the allegations as deliberate indifference to plaintiff's right to health and safety in violation of the Eighth Amendment, defendants Gipson and Diaz cannot be liable merely based on their supervisory capacity. ECF No. 54 at 11-14. Next, defendants contend that plaintiff failed to allege any injury in fact to him resulting from defendants' conduct. Id. at 14-15. Lastly, defendants assert that they are entitled to qualified immunity for damages in their individual capacities. Id. at 15-17.

---

[2] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

In opposition to the motion, plaintiff asserts that even in the absence of a valid Monell claim, plaintiff still states a valid claim for prospective injunctive relief against defendants Gipson and Diaz based on their failure to implement adequate screening practices for double celling.[3] ECF No. 55 at 4-5.  With respect to his lack of an actual injury caused by the double celling practices, plaintiff contends that he is not required to wait until he is physically harmed before bringing suit to challenge a specific policy.  ECF No. 55 at 9.  Concerning the qualified immunity argument, plaintiff argues that defendants are liable for damages in their individual capacities. ECF No. 55 at 10.

By way of reply to the Eighth Amendment allegations, defendants Gipson and Diaz point out that plaintiff's "obvious goal in bringing this action is to obtain prospective injunctive relief, to wit, assignment to single-cell status." ECF No. 56 at 4.  Defendants challenge any ongoing violation of federal law that would support such relief because plaintiff has not demonstrated any injury in fact.  Id.

Plaintiff filed a request to file a sur-reply after receiving defendants' reply.  ECF No. 57. Although the Local Rules do not permit a sur-reply, the court will grant plaintiff's request in this one instance because it clarifies the issues before the court.  See Local Rule 230(l).  Plaintiff makes clear in his sur-reply that the court construed his claims against Diaz and Gipson as Monell claims.  ECF No. 58 at 2.  However, plaintiff emphasizes that his claims against these defendants "are premised under [the] Eighth Amendment failure to act/train." ECF No. 58 at 2.

**III.    Legal Standards**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial."  Judgment on the pleadings is appropriate "when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." 3550 Stevens Creek Assocs. v. Barclays Bank, 915 F.2d 1355, 1357 (9th Cir. 1990).  The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the

---

[3] Plaintiff acknowledges that defendant Diaz is no longer the CDCR Secretary and requests that the court substitute Kathleen Allison. ECF No. 55 at 2.

pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). In considering a motion for judgment on the pleadings, the court reviews the pleadings only. The complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The burden is on the moving party to demonstrate that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. See Hal Roach Studios, 896 F.2d at 1550.

**IV.    Analysis**

The parties appear to agree, and the court acknowledges, that it improperly labeled plaintiff's claims against defendants Diaz and Gipson as Monell claims in the screening order. Monell liability does not attach as a matter of law to state officials. See Guillory v. Orange Cty.,731 F.2d 1379, 1382 (9th Cir. 1984) (emphasizing that Monell does not concern liability of individuals acting under color of state law."). Accordingly, the undersigned recommends granting defendants' motion for judgment on the claims identified as Monell claims against defendants Diaz and Gipson. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988) (recognizing that judgment on the pleadings is appropriate when a claim is not supported by a cognizable legal theory).

Having corrected the error in the screening order, the court now turns to the real issue before the court concerning whether plaintiff's second amended complaint adequately alleges Eighth Amendment deliberate indifference to plaintiff's health and safety claims against Diaz and Gipson. To the extent that defendants assert that the Eighth Amendment claims against them are

deficient because they are based on supervisory liability, they are mistaken. "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)). Plaintiff's second amended complaint adequately identified the specific policies that were the moving force for the violation of his Eighth Amendment right to health and safety. Moreover, an actual injury is not required to allege an Eighth Amendment deliberate indifference claim. "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm would actually befall an inmate; it is enough that the official acted or failed to act despite his [or her] knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 842 (1994). Plaintiff correctly asserts that he does not have to wait until he is physically injured to raise an Eighth Amendment violation. See Helling v. McKinney, 509 U.S. 25, 33-34 (1993) (recognizing that a deliberate indifference claim does not require a prisoner to wait until a tragic event such as an actual assault before obtaining relief.). For all these reasons, the undersigned recommends denying defendants' motion for judgment on the Eighth Amendment deliberate indifference claims alleged in plaintiff's second amended complaint.

Lastly, defendants assert that they are entitled to judgment on the pleadings based on qualified immunity. In light of the procedural posture of this case, defendants are asking the court to resolve the complex issue of qualified immunity based on nothing more than the bare allegations of a pro se complaint. The Ninth Circuit pointed out the folly of such an exercise.

> The confluence of two well-intentioned doctrines, notice pleading and qualified immunity, give rise to this exercise in legal decisionmaking based on facts both hypothetical and vague. On one hand, the federal courts may not dismiss a complaint unless 'it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations….' On the other hand, government officials are entitled to raise the qualified immunity defense immediately, on a motion to dismiss the complaint, to protect against the burdens of discovery and other pre-trial procedures. The qualified immunity issue, in turn, cannot be resolved without first deciding the scope of the constitutional rights at stake. The unintended consequence of this confluence of procedural doctrines

> is that the courts may be called upon to decide far-reaching constitutional questions on a nonexistent factual record, even where, as the government defendants contend and as may be the case here, discovery would readily reveal the plaintiff's clams to be factually baseless.

Wong v. United States, 373 F.3d 952, 956–57 (9th Cir. 2004) (internal citations omitted).  The court is of the view that it does not have sufficient information before it to rule on the issue of qualified immunity.  Accordingly, the undersigned finds the issue of qualified immunity premature and recommends denying defendants' motion for judgment without prejudice to renewal at a later stage of the proceedings.

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After having reviewed defendants' motion for judgment on the pleadings and your second amended complaint, the court finds that it incorrectly labeled your claims against Diaz and Gipson as Monell claims.  The court is recommending that defendants' motion be granted on this basis, but denied on the remaining grounds.  It is therefore recommended that your Eighth Amendment deliberate indifference claims against defendants Diaz and Gipson be allowed to proceed.

If you disagree with this recommendation, you have 14 days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  Your case will then be reviewed by the district court judge assigned to your case who will make the final decision pertaining to the claims against defendants Diaz and Gipson.

Accordingly, IT IS HEREBY ORDERED that Kathleen Allison is substituted for defendant Ralph Diaz in accordance with Rule 25(d) of the Federal Rules of Civil Procedure.

IT IS FURTHER RECOMMENDED that defendants' motion for judgment on the pleadings (ECF No. 54) be granted in part and denied in part.  To the extent that the court's screening order of December 17, 2020 references Monell, it is recommended that this be stricken and that this case proceed on the allegations in the second amended complaint that defendants

Diaz[4] and Gipson were deliberately indifferent to plaintiff's rights to health and safety in violation of the Eighth Amendment. With respect to defendants' qualified immunity argument, it is recommended that the motion be denied without prejudice to renewal at a later stage of the proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 12, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wilk1469.m4judgment.docx

---

[4] Hereinafter to be substituted by Kathleen Allison.